UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT GONZALES,

    Petitioner,

v.

JILL BROWN, warden,

    Respondent.
                                  /

No. C 05-1167 SI (pr)

**ORDER DENYING HABEAS PETITION**

## INTRODUCTION

This matter is now before the court for consideration of the merits of Robert Gonzales's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition will be denied on the merits.

## BACKGROUND

Gonzales' petition does not challenge his conviction but instead challenges the execution of the sentence imposed on him following a conviction in 2000 in Santa Clara County Superior Court. He contends he is being kept in custody unlawfully because he already has completed his sentence and available parole violation terms.

Gonzales pled no contest to one count of robbery, one count of reckless driving while attempting to evade a peace officer, and three misdemeanors in exchange for dismissal of several other charges and a "top/bottom" two-year prison sentence. He was informed that after his sentence in state prison he would be subjected to a three year parole term, with up to a year in prison for a parole violation. Resp. Exh. 5, RT 3.

Gonzales was released from prison on March 30, 2002. He committed several parole violations and was returned to prison several times. He was in custody from July 15, 2002 through March 12, 2003 and from March 13, 2003 through September 9, 2003 for parole violations. Following Gonzales' failure to report to his parole officer, his parole was suspended effective October 29, 2003. He was arrested on December 21, 2003 and was in custody until July 18, 2004. On September 22, 2004, he was arrested on a parole violation and was in custody from October 5, 2004 through May 22, 2005.

Gonzales filed this action two months before his May 22, 2005 release from prison for serving his latest parole violation term. Upon the court's issuance of an order to show cause why the writ should not be issued, respondent filed an answer. Gonzales did not file a traverse and the deadline to do so has passed.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because Gonzales challenges a sentence for which he was in custody in San Quentin State Prison in Marin County, California, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). State judicial remedies have been exhausted for the claim raised in the petition.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## DISCUSSION

A.   The Petition Is Not Moot

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some "collateral consequence" of the conviction--must exist if the suit is to be maintained and not considered moot. Id. The rationale of Spencer v. Kemna also applies where a petitioner seeks to challenge his sentence rather than his conviction. That is, a challenge to a prison sentence becomes moot once the sentence has been served unless the

1  petitioner continues to suffer collateral consequences.  See United States v. Palomba, 182 F.3d
2  1121, 1123 (9th Cir. 1999).  In Palomba, the defendant challenged his sentence as having been
3  based on an incorrect criminal history calculation, which, he claimed, resulted in a lengthier
4  sentence than should have been imposed.  Id. at 1122.  At the time of the appeal, Palomba had
5  finished the final supervised release portion of his sentence.  Id. at 1123.  The Ninth Circuit ruled
6  that in light of Spencer's holding that collateral consequences cannot be presumed where a
7  defendant has already served his entire sentence, Palomba did not have standing to assert a claim
8  concerning the proper length of his completed sentence.  Id.  The rationale of Spencer and
9  Palomba does not apply to a defendant/petitioner who has not completed his entire sentence.  See
10 United States v. Verdin, 243 F.3d 1174, 1178-79 (9th Cir.), cert. denied, 534 U.S. 878 (2001)
11 (case not moot where defendant challenging sentence has not completed his entire sentence, but
12 is in the first year of a three-year supervised release; if he prevails, he can be sentenced to a
13 shorter period of supervised release).

14      Gonzales' petition is not moot because Gonzales has not yet completed his entire sentence.
15 Even by respondent's calculation, Gonzales remains on parole until May 30, 2006.  See Memo.
16 of P&As In Support Of Answer, p. 5:16.  In arguing that the petition is moot, respondent confuses
17 a parole revocation term with the existence of parole itself.  A challenge to a parole revocation
18 term would be moot because Gonzales has finished serving his most recent parole revocation
19 term, but that is not what Gonzales challenges here.  Gonzales challenges the total length of his
20 sentence, i.e., the prison time plus the overall length of parole.  Gonzales urges that his custody
21 is unlawful in that "he has completed the balance of his sentence and available parole violation
22 terms."  See Petition, pp. 7-8.  His situation is like that in Verdin, supra.  If Gonzales prevailed in
23 this action, his parole term might be shortened or ended and that makes this a live controversy.
24 His petition is not moot.

4

1  B.      The Parole Claim

2  A person has a fundamental right not to be subjected to a sentence that exceeds that allowed
3  by state law. The constitutional guarantee of due process is fully applicable at sentencing. See
4  Gardner v. Florida, 430 U.S. 349, 358 (1977). State sentencing courts must be accorded wide
5  latitude in their decisions as to punishment and a federal court generally will not review a state
6  sentence within statutory limits. See Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), cert.
7  denied, 488 U.S. 926, and cert. denied, 488 U.S. 981 (1988). A state sentence may, however,
8  violate due process if it is in excess of that allowed by state law. See id. at 476; see also Marzano
9  v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (plea of guilty does not permit state to impose
10 sentence in excess of state law despite agreement of defendant to sentence).

11 Respondent does not dispute that keeping an inmate in custody beyond the sentence allowed
12 by state law would present serious due process concerns and instead focuses on the sentence
13 allowed under state law for Gonzales. The court agrees with respondent that Gonzales
14 misunderstands the sentence allowed under state law.

15 In California, a mandatory parole term follows most prison terms. For persons such as
16 Gonzales, the mandatory parole term is three years. Cal. Penal Code § 3000(b)(1). The parole
17 term is extended for time a parolee spends in prison on parole violations: "Time during which
18 parole is suspended because the prisoner has absconded or has been returned to custody as a parole
19 violator shall not be credited toward any period of parole unless the prisoner is found not guilty
20 of the parole violation. However, in no case, except as provided in Section 3064 [regarding
21 escapees], may a prisoner subject to three years on parole be retained under parole supervision or
22 in custody for a period longer than four years from the date of his or her initial parole." Cal. Penal
23 Code § 3000(b)(5). The maximum time in prison for a parole revocation term is generally one
24 year. Cal. Penal Code § 3057(a). In sum, when Gonzales left prison after serving the two-year
25 prison term, he faced this parole scheme: his parole term would start upon his release from
26 prison, would be suspended during any time he was back in prison on a parole violation, each
27 parole violation could lead to a prison term of up to a year, and the parole term that presumptively
28

would end in three years could last up to four years if suspended due to his re-incarceration for parole violations.

Gonzales served 23 months of his two-year prison term. He also spent an additional 29 months in prison due to parole violations. His three-year parole term started upon his initial release from prison on March 30, 2002. Had he not violated parole, his parole term would have ended three years later on March 30, 2005. However, because Gonzales violated parole and received parole violation terms totalling 29 months, his parole could be extended up to an additional year, so that it ends on March 30, 2006.[1] Gonzales is not being kept in custody -- which in the habeas context includes the parole term -- beyond the time allowed by state law.

Gonzales contended in state court that he could not lawfully be returned to prison after he had served the total length of his two-year prison term. In Gonzales' view, parole revocation terms would be limited to revoking time credits earned. See Resp. Exh. 3, p. 3(c). The law does not support his position that a parolee can violate parole repeatedly after he has been in prison for the maximum length of the initial prison term imposed. His reliance on Morrissey v. Brewer, 408 U.S. 471 (1972), to argue that the "balance of the sentence" that a parole violator may be required to serve refers to the balance of the original prison term takes the phrase out of context and misreads Morrissey in an unpersuasive way.[2] Morrissey was concerned with the procedural protections required when parole was revoked and did not purport to put constitutional limitations

---

[1] Respondent states in his brief that Gonzales is on parole until May 30, 2006. That date is not consistent with California Penal Code § 3000(b)(5)'s provision that allows the parole term to be extended for a maximum of one year, i.e., to four years for Gonzales. If the May 30, 2006 date was not a typographical error and if respondent contends that Gonzales' parole ends on May 30, 2006 rather than on March 30, 2006, he may file a motion for reconsideration explaining why and how the parole term continues until May 30, 2006 in light of § 3000(b)(5).

[2] The statement Gonzales seized upon and misread was, "The enforcement leverage that supports the parole conditions derives from the authority to return the parolee to prison to serve out the balance of his sentence if he fails to abide by the rules." Morrissey, 408 U.S. at 478-79. This was a portion of the background discussion in the Morrissey opinion that described in a generalized way how parole systems work. The quoted sentence does not mean that revocation of parole constitutionally requires the state to return the inmate to custody to serve out his entire sentence upon revocation of parole. Moreover, even if Morrissey meant that revocation required the inmate to be returned to custody for "the balance of the term," Gonzales has offered no reason why the phrase should mean "the balance of just the imprisonment part of the sentence" rather than "balance of the prison and parole parts of the sentence."

1  on the length of parole or the consequences of a parole violation or the appropriate length of a
2  parole revocation prison term. California's parole system – with its fixed 3-year paroles for a
3  large class of convicts, its allowance of multiple parole revocations, and its allowance of different
4  parole revocation terms so that more serious violations receive more serious parole revocation
5  terms -- is not barred by Morrissey. Gonzales' view also lacks common sense, because it would
6  make most California inmates' mandatory three-year parole largely useless by depriving parole
7  authorities of a significant enforcement mechanism. Compelling parolees to comply with parole
8  restrictions would be difficult if they could not be imprisoned once they had served the maximum
9  length of the original prison term. Here, under Gonzales' view, he could not have been imprisoned
10 for any violation but the first one and could have only been imprisoned for a maximum of one
11 month on that violation, because he then would have served the 24 months in prison of his two-year
12 original term. He identifies no authority for such his unusual view of parole.

13     Gonzales has not shown that he is being required to serve a sentence beyond that to which
14 he was lawfully sentenced under state law. He has not shown a due process violation and is not
15 entitled to habeas relief. The state court's rejection of Gonzales' claim was neither contrary to or
16 an unreasonable application of clearly established federal law as determined by the U.S. Supreme
17 Court. The petition must be denied on the merits.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is denied on the merits. The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 6, 2005

_____
SUSAN ILLSTON
United States District Judge